UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Vivin Oberoi,

        Petitioner,

v.

Telluride Asset Management LLC,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 06-58 ADM/AJB

---

Richard G. Wilson, Esq., Maslon Edelman Borman & Brand, LLP, Minneapolis, MN, and Michael M. Gordon, Esq., King & Spalding LLP, New York, NY, for and on behalf of Bridgewater Associates, Inc.

Jeanette M. Bazis, Esq., Greene Espel, Minneapolis, MN, for and on behalf of Petitioner Vivin Oberoi.

Tara C. Norgard, Esq., Carlson, Caspers, Vandenburgh & Lindquist, Minneapolis, MN, for an on behalf of Respondent Telluride Asset Management LLC.

---

## I. INTRODUCTION

This matter came before the undersigned United States District Judge pursuant to Bridgewater Associates, Inc.'s ("Bridgewater") Motion to Intervene [Docket No. 6]. Bridgewater's Motion seeks to intervene in the instant suit to protect its interest in connection with Petitioner Vivin Oberoi's ("Oberoi") attempt to compel production of certain documents held by Respondent Telluride Asset Management LLC ("Telluride"). For the reasons set forth below, the Motion is granted.

## II. DISCUSSION

Bridgewater's Motion to Intervene is premised upon Federal Rule of Civil Procedure 24(a)(2), which permits intervention of right:

> [W]hen the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

The Eighth Circuit has echoed this rule in stating that three conditions must be met to satisfy Rule 24(a)(2): "1) the proposed intervenor has an interest in the subject matter of the action; 2) the interest may be impaired; and 3) the interest is not adequately represented by an existing party to the action." Sierra Club v. Robertson, 960 F.2d 83, 85 (8th Cir. 1992).

Here, Bridgewater seeks to intervene to oppose Oberoi's Motion to Enforce Subpoena [Docket No. 1] directed at Telluride. The subpoena seeks documents prepared by Bridgewater that allegedly contain trade secrets belonging to Bridgewater. Although the Subpoena was made in connection with a lawsuit venued in the District of Connecticut, the Connecticut lawsuit is currently administratively closed pending the resolution of an arbitration between Oberoi and Bridgewater. Telluride and Oberoi have informed the Court that they do not oppose Bridgewater's instant Motion to Intervene. Letters of August 7 and 8, 2006 [Docket Nos. 13, 14].

Bridgewater has demonstrated all three requirements identified by Rule 24(a)(2) and the Eighth Circuit as necessary to intervene by right. First, the Subpoena seeks documents that were originally produced by Bridgewater to Telluride in a previous proceeding, which include trade secrets and a confidential settlement agreement between Bridgewater and Telluride. Gehring Decl. [Docket No. 3] ¶ 22. Second, Bridgewater has demonstrated that discovery of the requested information could potentially adversely affect Bridgewater's interest in maintaining the confidentiality of its trade secrets and the confidential settlement agreement. Finally, a

potential conflict of interest may arise as Telluride currently employs Oberoi. Consequently, Bridgewater's Motion is granted.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Bridgewater's Motion to Intervene [Docket No. 6] is **GRANTED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 8, 2006.